NEWMAN LAW, P.C.
Evan M. Newman (EN 2724)
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIMI SAMUELS, MECHEL HANDLER, DEBRA
BASSAN, DINAH PINCZOWER, LEO SIEGMAN as
Administrator for THE ESTATE OF RACHEL
SIEGMAN, EDWARD COHN, individually and as
Administrator for THE ESTATE OF STEVEN
DEARAKIE,

|  |  |
|---|---|
| Plaintiffs, | Case No. |
| - against - | **COMPLAINT** |
|  | **JURY TRIAL DEMANDED** |

AVIVA GREENBERG, SAM GREENBERG, and JOHN
DOES "1" through "10,"

Defendants.
------------------------------------------------------------------x

Plaintiffs, by their attorney, Newman Law, P.C., for their verified complaint against

defendants, allege as follows:

1.       This is an action for conversion, replevin, and breach of fiduciary duty arising

from defendants' refusal to return a priceless, ancient, handwritten set of the Five Books of

Moses (the "Bible"), which is owned jointly by plaintiffs.

**Parties**

2.       Plaintiff Mimi Samuels ("Samuels") is a resident of the State of New York,

County of Nassau.  Samuels is one of the three children of Leah Handler.  Leah Handler is

deceased.  Leah Handler was one of the five children of David C. Arakie ("Arakie").

3.       Plaintiff Mechel Handler ("Handler") is a resident of the State of New York, County of Kings.  Handler is one of the three children of Leah Handler.

4.       Plaintiff Debra Bassan ("Bassan") is a resident of the State of New Jersey, County of Bergen.  Bassan is one of the three children of Leah Handler (collectively with Samuels and Handler, the "Handler Group").  Through an *inter vivos* gift from their mother, the Handler Group jointly owns one fifth of the Bible.

5.       Plaintiff Dinah Pinczower ("Pinczower") is a resident of the State of New York, County of Bronx.  Pinczower is one of the five Arakie children.  Pinczower owns one fifth of the Bible as described below.

6.       Plaintiff Leo Siegman as administrator of the Estate of Rachel Siegman, is a resident of the State of New York, County of Queens and owns one fifth of the Bible as described below.  Rachel Siegman, who is deceased, was one of the five Arakie children.

7.       Edward Cohn ("Cohn") is a resident of the State of New York, County of New York.  Cohn is one of the five Arakie children and owner of one fifth of the Bible.

8.       Steven Dearakie ("Dearakie") was a resident of the State of New York, County of New York.  Dearakie died on or about October 25, 2004.  Pursuant to Letters of Administration duly issued by the New York County Surrogate's Court on or about December 25, 2005, Cohn was appointed Administrator over his brother's estate.  The Estate of Steven Dearakie is an owner of one fifth of the Bible.

9.       Defendant Aviva Greenberg is a resident of Boca Raton, Florida and Montreal, Canada.   Aviva Greenberg is the daughter of Zalmen Gurewicz ("Gurewicz").

10.      Defendant Sam Greenberg is a resident of Boca Raton, Florida and Montreal, Canada.  Sam Greenberg is Aviva Greenberg's husband.

11.     Defendants John Does 1-10 represent unknown individuals or institutions that may currently have possession of the Bible.

## Jurisdiction and Venue

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are in complete diversity: Plaintiffs are residents of New York and New Jersey and defendants are residents of Florida and Canada.  The Court has personal jurisdiction over defendants because the acts giving rise to this action occurred in New York.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the facts giving rise to these claims occurred in the Eastern of District New York.

## Facts Common To All Causes of Action

14.     As discussed above, plaintiffs comprise the children and heirs of David C. Arakie and his wife Hannah.

15.     The Bible has belonged to the Arakie family for many years and is an important family heirloom.

16.     Prior to his death, Arakie and his wife gifted all of their important art possessions, including the Bible, to their five children (the "Arakie Children") to be owned jointly.

17.     The Bible is unique because it is one of the oldest known full sets of a Hebrew language bible and is in almost perfect condition.  Because of its age and condition, the Bible is an important resource for biblical scholars.

18.     On or about 1960, Arakie loaned the Bible to Gurewicz, for the purpose of academic study, with the understanding that the Bible would be returned to Dearakie.  At the time, Arakie resided in Brooklyn, New York.

3

19.     In or about early 1973, Arakie died.

20.     Upon information and belief, shortly thereafter, Gurewicz died.

21.     The Bible was never returned to Arakie during his lifetime.  Gurewicz did not return the Bible to Arakie or his heirs during Gurewicz's lifetime.

22.     After Gurewicz died, the Bible was in the possession of Sam and Aviva Greenberg (collectively, the "Greenbergs").  Aviva Greenberg claims to have found the Bible in her father's suitcase.

23.     Since finding the Bible, the Greenbergs have explicitly admitted that the Bible belonged to the Arakie family, initially promising to return the Bible to its rightful owners.

24.     On or about November 21, 2013, plaintiffs formally demanded the return of the Bible from the Greenbergs.

25.     In early January 2014, an individual named Jeniffer Vitullo, who identified herself as a representative of the Greenbergs, informed plaintiffs that the Greenbergs had possession of the Bible, but could not return same.  To date, the Greenbergs have not returned the Bible nor have they provided additional information as to its whereabouts.

26.     Over the past few years, the Greenbergs have hinted that they loaned or perhaps donated the Bible to a religious institution in memory of Gurewicz.  Upon information and belief, that institution is located in the State of Florida where the Greenbergs are active members of the Jewish Community.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Conversion)

27.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "27" of this complaint as if fully set forth herein.

4

28.     As set forth above, defendants have engaged in transactions designed to misappropriate and convert the Bible for themselves.

29.     As a result of their wrongful acts set forth above, defendants have exercised unauthorized dominion and control over plaintiffs' assets, to the exclusion of plaintiffs' rights, and to their detriment.  Plaintiffs have made a demand for the return of the Bible, and the defendants' refusal to return the Bible to its true owner created the underlying cause of action in conversion.

30.     As a direct and proximate result of this misconduct, plaintiffs have sustained and will sustain substantial losses and damages estimated to exceed $10 million, the precise amount to be determined at trial.

31.     Defendants' conduct was intentional, wanton, malicious, fraudulent and shocking to the conscience, and was perpetrated in total disregard for plaintiffs' rights.  By reason of the foregoing, defendants should be liable, jointly and severally, for punitive damages in the sum of at least $50 million, so as to deter themselves and others similarly inclined from perpetrating in the future such acts of misconduct as were committed by the defendants, plus prejudgment interest, the precise amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (<u>Replevin</u>)

32.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "32" of this complaint as if fully set forth herein.

33.     As set forth above, defendants have engaged in transactions designed to misappropriate and convert the Bible for themselves.

34.     As set forth above, defendants are in possession of the Bible, which is owned by the plaintiffs.

35.     As a result of their wrongful acts set forth above, defendants have exercised unauthorized dominion and control over plaintiffs' assets, to the exclusion of plaintiffs' rights, and to their detriment.  Plaintiffs have made a demand for the return of the Bible, and the defendants' refusal to return the Bible to its true owner created the underlying cause of action in replevin to recover the Bible.

36.     Defendants should be ordered to return the Bible to plaintiffs or pay compensatory damages of at least $10 million, the precise amount to be determined at trial

37.     Defendants' conduct was intentional, wanton, malicious, fraudulent and shocking to the conscience, and was perpetrated in total disregard for plaintiffs' rights.  By reason of the foregoing, defendants should be liable, jointly and severally, for punitive damages in the sum of at least $50 million, so as to deter themselves and others similarly inclined from perpetrating in the future such acts of misconduct as were committed by the defendants, plus prejudgment interest, the precise amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Breach Of Fiduciary Duties)**

38.     Plaintiffs repeat and reallege each of the allegations set forth in paragraphs "1" through "38" above, as if fully set forth herein.

39.     As part of his loan to Gurewicz for academic study, Arakie reasonably placed his trust and confidence in Gurewicz, relying on him to safeguard the Bible and return it to Arakie.

40.     As a result of their possession of the Bible as a loan from Arakie, Gurewicz and the defendants owed Arakie and plaintiffs the duty of a fiduciary, including the duty (a) to refrain from converting the Bible for their own use, (b) not to engage in activities detrimental to the safe return of the Bible, (c) to prevent loss or damage to the Bible, and (d) not to misappropriate the Bible.

41.     As more fully described above, the defendants have breached their fiduciary duties to Arakie and plaintiffs in multiple respects by refusing to return the Bible to its rightful owner and possibly loaning or transferring the Bible to unknown third-parties.

42.     The defendants benefitted by their breaches of fiduciary duties to plaintiffs' detriment.

43.     As a direct and proximate cause of the defendants' actions, plaintiffs have sustained injury, the precise amount to be determined at trial but believed to be in excess of $10 million.

44.     The defendants' conduct was intentional, wanton, malicious, fraudulent and shocking to the conscience, and was perpetrated in total disregard for plaintiffs' rights.  By reason of the foregoing, the defendants should be liable for punitive damages in the sum of at least $50 million, so as to deter themselves and others similarly inclined from perpetrating in the future such acts of misconduct as were committed by the defendants, plus prejudgment interest, the precise amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

45.     Plaintiffs repeat and reallege each of the allegations set forth in paragraphs "1" through "45" above, as if fully set forth herein.

46.     A dispute has arisen between the parties concerning their respective rights, interests and privileges with respect to the ownership of the Bible.

47.     Plaintiffs are entitled to an order declaring and adjudicating that they are the owner of the Bible.

48.     Plaintiffs have no adequate remedy at law.

7

## AS AND FOR A FIFTH CAUSE OF ACTION
### (<u>Permanent Injunction</u>)

49.     Plaintiffs repeat and reallege each of the allegations set forth in paragraphs  "1"
through "49" above, as if fully set forth herein.

50.     Plaintiffs will be irreparably harmed unless the Bible is returned to them.

51.     Plaintiffs have no adequate remedy at law.

52.     Therefore, defendants should be preliminarily and permanently enjoined from
denying plaintiffs access to the Bible, or, in the alternative, from denying plaintiffs the profits
from the sale of the Bible.

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly and severally, as
follows:

a.      For an order adjudging and declaring that plaintiffs are the rightful owner of the
Bible;

b.      For an order permanently enjoining defendants from preventing plaintiffs from
accessing the Bible, and from denying plaintiffs possession of the Bible;

c.      For an order ordering defendants to immediately return the Bible to plaintiffs;

d.      For damages in an amount to be proved at trial, plus interest, costs, and attorneys'
fees, estimated to exceed $10 million;

e.      For punitive damages in an amount to be proved at trial, but no less than $50
million; and

f.      For such other and further relief the Court may determine just, necessary and

appropriate.

Dated:   Cedarhurst, New York
         July 21, 2014                      NEWMAN LAW, P.C.
                                            *Attorneys for Plaintiffs*

                                            By: _____
                                                 Evan M. Newman
                                            377 Pearsall Avenue, Suite C
                                            Cedarhurst, New York 11516
                                            Tel: (516) 545-0343
                                            Fax: (212) 671-1883
                                            Email: enewman@newmanlawpc.com

**VERIFICATION**

STATE OF NEW YORK          )
                                              : ss.:
COUNTY OF NASSAU          )

     Mimi Samuels, who because of her religious beliefs cannot swear, solemnly affirms under the penalty of perjury, as follows:

     I am a plaintiff in this action.  I have read the foregoing verified complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

                                            Mimi Samuels

Affirmed to before me
this 31 day of July 2014.

               Notary Public

NOEL QUILES JR
Notary Public - State of New York
No. 01QU6028833
Qualified in Nassau County
Commission Expires 08/02/2012

10

NEWMAN LAW, P.C.
Evan M. Newman (EN 2724)
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
*Attorney for Plaintiffs*


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MIMI SAMUELS, MECHEL HANDLER, DEBRA
BASSAN, DINAH PINCZOWER, LEO SIEGMAN as
Administrator for THE ESTATE OF RACHEL
SIEGMAN, EDWARD COHN, individually and as
Administrator for THE ESTATE OF STEVEN
DEARAKIE,

|                | Plaintiffs, | Index No. |
|----------------|-------------|-----------|

- against -

**JURY DEMAND**

AVIVA GREENBERG, SAM GREENBERG, JOHN
DOES "1" through "10,"

Defendants.
-------------------------------------------------------------------x

Plaintiffs hereby demand trial by jury on all claims in this action.

Dated:   Cedarhurst, New York
              July 21, 2014                         NEWMAN LAW, P.C.
                                                                *Attorneys for Plaintiffs*

                                                                By: _____
                                                                          Evan M. Newman
                                                                377 Pearsall Avenue, Suite C
                                                                Cedarhurst, New York 11516
                                                                Tel: (516) 545-0343
                                                                Fax: (212) 671-1883
                                                                Email: enewman@newmanlawpc.com